UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA WOODARD, NEIL WESTFALL, ALEX SHELNUTT, and JEREMY McKINNON, all professionally known as A DAY TO REMEMBER,<br><br>Plaintiffs,<br><br>v.<br><br>VICTORY RECORDS, INC. and ANOTHER VICTORY, INC.,<br><br>Defendants. | No. 11 CV 7594<br><br><br><br>Magistrate Judge Young B. Kim<br><br><br>August 22, 2013 |

**MEMORANDUM OPINION and ORDER**

Before the court is Plaintiffs' motion for a protective order seeking to prohibit Defendants from using allegedly privileged documents in the upcoming deposition of John Janick or, alternatively, to stay Janick's deposition pending resolution of Plaintiffs' claim of privilege as to these documents.[1] Plaintiffs also seek other remedies, including attorney's fees, a blanket prohibition against Defendants' use of the documents, and the striking of any testimony or evidence related to the documents. For the following reasons, the motion is granted in part and denied in part:

**Facts**

In July 2012, Plaintiffs produced a large number of documents to Defendants in discovery. (R. 170, Pls.' Reply at 5, 11.) Not included in the original production,

---

[1] On July 29, 2013, the assigned District Judge referred this motion for this court's consideration and disposition. (R. 158, 159.)

however, were documents bearing the Bates stamp numbers ADTR-1388 through ADTR-1475.[2] (Id.) According to Plaintiffs, they segregated these documents and withheld them from production pursuant to the work-product doctrine and attorney-client privilege. (R. 154-1, Letter from Plaintiffs' Attorney Will Parsons to Defendants' Attorney Robert Meloni dated July 25, 2012.) Plaintiffs did not include a privilege log with their document production.

The gap in the document number sequencing caught Meloni's attention. On July 20, 2012, Meloni emailed Parsons to inquire about the missing documents. (R. 170, Pls.' Reply at 11.) At the time of this email inquiry, Parsons was out of town, so he asked his legal assistant to email him the documents at issue. (Id.) The legal assistant emailed Parsons the documents as requested, but the assistant inadvertently emailed the withheld documents to Meloni as well. (Id. at 11-12.) Parsons discovered this error a few days later when he returned to the office, (id. at 12), and accordingly sent Meloni a letter on July 25, 2012, in which he asked him to destroy all copies of these documents pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). (R. 154-1, Letter from Parsons to Meloni dated July 25, 2012; R. 156, Defs.' Resp. at 2.) The parties dispute how and whether Meloni responded to Parsons's July 25, 2012 letter. (R. 156, Defs.' Resp at 3; R. 170, Pls.' Reply at 13-14.) Regardless, nothing happened with these documents until the July 2013 deposition of Mark Mercado, when Meloni asked Mercado questions related to these documents. (R. 153, Pls.' Mot. at 2; R. 156, Defs.' Resp. at 4.) Parsons reiterated his

---

[2] Plaintiffs' instant motion for a protective order only concerns those documents bearing Bates stamp numbers ADTR-1433 through ADTR-1475.

2

objections to the use of the documents in question pursuant to Rule 26(b)(5)(B), but he allowed the witness to answer the questions subject to his objections. (R. 156, Defs.' Resp. at 4-5.) Following Mercado's deposition, the parties began in earnest to dispute the privileged nature of the documents and Defendants' right to use them in depositions and for other purposes related to the litigation. (R. 154-1, Letters between Parsons and Meloni dated July 10, 2013, and July 11, 2013.) Ultimately, Plaintiffs filed the instant motion for a protective order.

## Analysis

Based on the facts of this case and the plain reading of Federal Rule of Civil Procedure 26(b)(5)(B), Plaintiffs are entitled to the protective order they seek.[3] Rule 26(b)(5)(B) is essentially a "clawback" provision. This provision permits parties to flag documents inadvertently produced during discovery that they believe are subject to privilege, and prohibits receiving parties from using them until the privilege claim is resolved. *American Hardware Mfrs. Ass'n v. Reed Elsevier, Inc.*, 2009 WL 331471, at * 2 (N.D. Ill. Feb. 10, 2009). Specifically, the rule provides that:

> If information produced in discovery is subject to a *claim* of privilege or of protection as trial-preparation material, the party making the claim must notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information *until the claim of privilege is resolved;* must take reasonable steps to retrieve the information if the party disclosed it before being notified; *and may promptly present the*

---

[3] Given the scope of the District Judge's referral, this court lacks the jurisdiction (and adequate information) at this time to address the issue of whether the documents in question are privileged.

> *information to the court under seal for a determination of the claim.* The producing party must preserve the information *until the claim is resolved.*

Fed. R. Civ. P. 26(b)(5)(B) (emphasis added). This provision does not, however, address the question of whether the documents in dispute are in fact privileged or whether the inadvertent disclosure amounted to a waiver of the claimed privilege. *See* Fed. R. Civ. P. 26(b)(5)(B) Advisory Committee Notes (2006 Amend.) ("Rule 26(b)(5)(B) does not address whether the privilege or protection that is asserted after production was waived by the production. The courts have developed principles to determine whether, and under what circumstances, waiver results from inadvertent production of privileged or protected information. Rule 26(b)(5)(B) provides a procedure for presenting and addressing these issues.").

The requirements established by Rule 26(b)(5)(B) are not obscure or infrequently used. Numerous courts in this district have examined the requirements of this rule, particularly in the aftermath of its amendment in 2006. As stated in *Excel Golf Products, Inc. v. MacNeill Engineering Co., Inc.*, 2012 WL 1570772, at *2 (N.D. Ill. May 3, 2012), Rule 26(b)(5)(B) "requires, among other things, that a party that has been notified about the potential inadvertent disclosure of privileged information must return or sequester that information, and may not use it until the claim of privilege has been resolved." The Advisory Committee Notes make clear that the onus is on the producing party to inform the receiving party in writing (unless circumstances so preclude), but that the burden then switches to the receiving party "to decide whether to challenge the claim."

4

Fed. R. Civ. P. 26(b)(5)(B) Advisory Committee Notes (2006 Amend.). During such time, the receiving party is permitted to sequester the documents and also to submit the documents under seal to the court for resolution. *See id.*; *National Council on Compensation Ins., Inc. v. American Intern.*, 2007 WL 4365372, at *2 (N.D. Ill. Dec. 11, 2007). Rule 26(b)(5)(B) also allows the receiving party to keep the information so that it "may promptly present the information to the Court under seal for determination of the claim."

In this case, Plaintiffs notified Defendants in writing more or less immediately after discovering the inadvertent disclosure and invoked Rule 26(b)(5)(B)'s protection. Defendants claimed to have sequestered the documents for a year, but they subsequently used the documents at the deposition of Mercado without Plaintiffs' agreement or a resolution on the claim of privilege. At no time did Defendants raise this issue with the court for resolution. Instead, Defendants maintain that it was Plaintiffs' burden to prove the existence of a privilege. This is incorrect and disregards Rule 26(b)(5)(B)'s clear directive that it is up to the receiving party to challenge the claim of privilege.

A similar situation took place in *Piasa Commercial Interiors, Inc. v. J.P. Murray Co.*, 2010 WL 1241563 (S.D. Ill. March 23, 2010), where the plaintiff knowingly used documents subject to a claim of privilege, despite having received notification of the disclosure from the defendant under Rule 26(b)(5)(B). In ruling that the plaintiff's behavior constituted "a blatant disregard for the requirements of Rule 26(b)(5)(B)," the court found that:

5

> nothing in the rule requires that the information at issue actually be privileged in order to comply with the rule. Rule 26(b)(5)(B) requires that Piasa return the information or present it to the court upon a *claim* of privilege. The rule does not require an actual finding of privilege in order for compliance with its terms. The rule does not provide for the non-asserting party to make the determination on its own. If it disputes the assertion of the privilege and the erroneous disclosure, it can invoke the decision making authority of the court, but cannot divine justice on its own. Here, Piasa clearly failed to comply with the provisions of Rule 26(b)(5)(B), despite numerous notifications of the claim by Murray.

*Id*. at *2 (emphasis in original). Much as in *Piasa*, Plaintiffs in this case notified Defendants of their inadvertent disclosure, and, therefore, Defendants bore the burden of seeking a resolution to the parties' impasse before using the documents. Defendants in this case did not seek to resolve the privilege issue prior to using them at a deposition in contravention of Rule 26(b)(5)(B).

Defendants' reliance on Federal Rule of Evidence 502 is misplaced here. While Rule 26(b)(5)(B) governs how parties should behave in the aftermath of an unintended disclosure, Rule 502(b) governs whether an unintended disclosure of privileged materials resulted in a waiver of the privilege.[4] Like Rule 26(b)(5)(B), Rule 502 is designed to address inadvertent disclosures associated with a large-scale, often electronically-based production of documents, and to provide a

---

[4] Federal Rule of Evidence 502(b) provides as follows:

> When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if: (1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

6

predictable and uniform set of standards to deal with the consequences of mistaken disclosure. *See* Fed. R. Evid. 502(b) Advisory Committee Notes. This rule, however, only addresses what to do when *privileged* documents are disclosed. *See* Fed. R. Evid. 502 ("The following provisions apply . . . to disclosure of a communication of information covered by the attorney-client privilege or work-product protection.") In other words, this rule is predicated on a court ruling or party agreement that the documents at issue are privileged, and only thereafter addresses the consequences of a mistaken disclosure. Were Rule 502 the only rule at play in this case, then it would be Plaintiffs' responsibility to prove privilege as a threshold matter. *See, e.g.*, *United States v. White,* 950 F.2d 426, 430 (7th Cir. 1991) (finding that the burden is on the party seeking to invoke the attorney-client privilege to establish that it applies). But Rule 502 is not the only rule at play in this case, and it is clear from the reading of these two rules, their advisory committee notes, and relevant case law that Rule 26(b)(5)(B) operates independently of Rule 502 and is to be followed regardless of the applicability of other evidentiary rules. Defendants provide no basis for their position that Rule 502 and its threshold privilege determination must go "first." In sum, the question of whether the documents at issue in this case are in fact privileged is not necessary to enforce the requirements of Rule 26(b)(5)(B)—requirements Defendants failed to follow here.

## Conclusion

For these reasons, Plaintiff's motion is granted to the extent that Defendants are ordered to: (1) sequester or destroy ADTR 1433-1475; (2) refrain from using

7

ADTR 1433-1475 until they are deemed not privileged or no longer privileged; (3) treat those portions of Mercado's deposition testimony pertaining to ADTR 1433-1475 as confidential and privileged information until further order of the court or agreement of the parties; (4) refrain from using or referring to ADTR 1433-1475 during John Janick's deposition if they wish to proceed with his deposition prior to a resolution of the privilege issue; (5) take reasonable steps to retrieve ADTR 1433-1475 if they disclosed any of the pages to others; and (6) verify in writing to Plaintiffs that they have complied with this order. Plaintiffs' motion is denied to the extent that they seek attorney's fees because they failed to develop their claim for this relief.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**