IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA WOODARD, NEIL WESTFALL, ALEX SHELNUTT, JEREMY MCKINNON, all professionally known as A DAY TO REMEMBER, | ) ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | 11 C 7594 |
| v. | ) ) | Judge John Z. Lee |
| VICTORY RECORDS, INC., AND ANOTHER VICTORY, INC., | ) ) ) | |
| Defendants/Counter-Plaintiffs. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs/Counter-Defendants Joshua Woodard, Neil Westfall, Alex Shelnutt, and Jeremy McKinnon, members of the band A Day to Remember ("ADTR"), have sued Defendant/Counter-Plaintiff Victory Records, Inc. ("Victory") on various claims stemming from a 2006 recording agreement. On March 31, 2016, this Court ruled on the parties' cross-motions for summary judgment. Mem. Op. & Order, ECF No. 392. This ruling, in pertinent part, dismissed ADTR's claim that Victory owed ADTR underpaid digital royalties due to application of an incorrect royalty rate. *Id.* at 13. ADTR now asks the Court to reconsider its dismissal of that claim. For the reasons that follow, ADTR's motion to reconsider [414] is denied.

## Factual Background

As explained in greater detail in the Court's order on summary judgment, the substance of ADTR and Victory's recording agreement was set out in a document called the "Deal Memo." Mem. Op. & Order 2–3. The parties disagree in various respects about what the Deal Memo states. In particular, the parties disagree about what the Deal Memo provides as the proper

royalty rate for digital downloads. *Id.* at 2. Victory claims that the rate on digital downloads should mirror that for sales of physical ADTR albums, *i.e.*, a range of 11.5 percent to 16.6 percent. *Id.* Conversely, ADTR insists that the correct rate should mirror the rate applied to revenue from third-party licenses, *i.e.*, 50 percent. *Id.*

In its order on summary judgment, the Court agreed with Victory that this dispute was not properly before the Court. The Court disagreed with ADTR that Paragraph 20 of ADTR's Second Amended Complaint—the only portion of the complaint that Victory cited as giving notice of a claim based on the royalty rate for digital downloads—was fairly construed as referring to such a claim. *Id.* at 12. To that end, the Court observed that "the question of the proper rate for digital downloads was not raised in the complaint or at any other point in the proceedings" prior to a report proffered by ADTR's expert, Wayne Coleman, after the filing of ADTR's Second Amended Complaint. *Id.* at 13. The Court therefore granted Victory's motion for summary judgment and dismissed the claim.

**Legal Standard**

Under Federal Rule of Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). But while motions to reconsider under Rule 54(b) are permitted, "they are disfavored." *Patrick v. City of Chi.*, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015). They serve a very limited purpose: correcting manifest errors of law or fact and presenting newly discovered evidence. *Id.* (citations omitted). This is a heavy burden for the moving party and makes a motion for reconsideration an inappropriate medium to "rehash" past arguments, *id.* (citations omitted), or revisit improvident strategic

2

decisions made earlier. *Birdo v. Dave Gomez*, No. 13 C 6864, 2016 WL 6070173, at *1 (N.D. Ill. Oct. 17, 2016) (citation omitted). Additionally, "[t]he Seventh Circuit has long refused to consider arguments that were not presented to the district court in response to summary judgment motions." *Wells-Griffin v. St. Xavier Univ.*, 26 F. Supp. 3d 785, 792 (N.D. Ill. 2014) (citations and internal quotation marks omitted).

**Analysis**

In seeking to persuade the Court to reverse its order dismissing the royalty rate claim, ADTR suggests the Court should have looked to Paragraph 21 of its Second Amendment Complaint, which, according to ADTR, provides notice of the royalty rate claim, rather than focusing only on Paragraph 20. Pls.' Mot. Reconsider & Mem. Supp. 3–4. ADTR directs the Court's attention to the final sentence in Paragraph 21, which states, "Defendants have also breached the parties' Deal Memo by failing and refusing to pay at least $850,000 in record, publishing, and merchandising royalties currently due and owing to Plaintiffs." *Id.* This, ADTR argues, is sufficient notice of its intent to dispute the royalty rate.

The Court rejects this argument for two reasons. First, ADTR did not present this argument in response to Victory's motion for summary judgment, Pls.' Resp. Opp'n Defs.' Mot. Summ. J. 7–12 & n.9, ECF No. 360., and does not offer any explanation in their motion for reconsideration as to why. Rather, in responding to Victory's motion, ADTR elected to direct the Court only to Paragraph 20, which this Court found at best "woefully incomplete" and at worst "deceptive and misleading." Mem. Op. & Order 12. If ADTR is to be taken at its word, and Paragraph 21 was intended to provide adequate notice of a claim disputing the royalty rate, ADTR's decision not to refer to Paragraph 21 initially is befuddling. This is especially so given ADTR's admission that this argument would have been "simpl[e]" to make. Pls.' Mot.

3

Reconsider 4 n.3. Because a motion for reconsideration is not the proper vehicle to raise this argument, the Court need not consider its merits.[1]

Nevertheless, the Court will briefly explain why it does not read Paragraph 21 to provide notice of a disputed digital royalty rate. The sentence ADTR highlights is pulled from the very bottom of the following paragraph:

> In addition, Plaintiffs have the right to manufacture and sell merchandise at their live concerts and/or sell it directly to consumers, which rights Plaintiffs have exercised. The only restriction upon Plaintiffs' merchandise rights is that they may not sell to "any retailer." Plaintiffs have not done so. Nevertheless, the Defendants have wrongfully withheld royalties which are earned, due and payable to Plaintiffs, expressly because Plaintiffs have exercised these rights. Defendants, alleging that by selling merchandise directly to consumers through a "webstore," Plaintiffs have breached the Deal Memo, have withheld at least $100,000 as a "penalty." These sums are rightfully monies due and payable to the Plaintiffs. On information and belief, and despite repeated demands for accurate and complete accountings, the Plaintiffs believe that Defendants have withheld and continue to withhold wrongfully sums in excess of $100,000. **Defendants have also breached the parties' Deal Memo by failing and refusing to pay at least $850,000 in record, publishing, and merchandising royalties currently due and owing to Plaintiffs.**

2d Am. Compl. ¶ 21, ECF No. 216 (emphasis added). As should be obvious, by selectively quoting the final sentence of Paragraph 21, ADTR fails to account for Paragraph 21's obvious theme: merchandising rights and royalties. ADTR makes no effort to explain the selected

---

[1] The Court does not, however, deem ADTR's motion frivolous and will not award Victory fees in responding to it. "A motion to reconsider is frivolous if it contains no new evidence or arguments of law that explain why the [court] should change an original order that was proper when made." *Magnus Elecs., Inc. v. Masco Corp. of Ind.*, 871 F.2d 626, 630 (7th Cir. 1989). Here, ADTR advances a new argument, albeit one it should have raised at summary judgment.

Additionally, the Court reminds the parties to heed scheduling orders as issued and not submit briefing that is not specifically called for. In this instance, the Court did not call for a reply. Minute Entry, ECF. No. 417. Nevertheless, ADTR filed a reply. Pls.' Reply Further Supp. Mot. Reconsider, ECF. 420. Accordingly, the Court will disregard the reply in its entirety. The Court has already admonished the parties not to "skirt the orders of this Court," and warned that further attempts to do so would be sanctioned. Mem. Op. & Order 9 n.5. Accordingly, the Court orders that counsel for ADTR not bill ADTR for the fees and costs associated with the preparation and filing of its reply brief. Counsel for ADTR is also ordered to file a certification with the Court that they have informed their clients of this order.

sentence in the context of the entire paragraph. This is little different from ADTR's previous attempt to source the royalty rate claim in Paragraph 20.

Instead, ADTR seizes on the word "record" in the selected sentence, providing a supplemental affidavit from expert Wayne Coleman asserting "record" can be read to refer to "digital record," and thus, to digital record royalties. Pls.' Mot. Reconsider, Ex. 1. Once again, there is no reason ADTR could not have presented this affidavit initially, and the Court need not even consider it. Nevertheless, it is worth noting that ADTR's argument, in conjunction with Coleman's affidavit, says nothing as to how the reader is to imply a dispute about digital royalty *rate* into the final sentence of Paragraph 21. Even if ADTR was unsure as to the type and quantum of damages owed at the time it filed the Second Amended Complaint, *id.* at 2 n.2, and therefore decided to expand the focus of Paragraph 21 beyond merchandising royalties to include royalties from recordings, there is no basis for the reader to know that the final sentence of Paragraph 21 complains of an insufficient digital royalty rate.

Thus, as the Court stated in its order on summary judgment, the issue of digital royalty rate was not raised in ADTR's complaint or until Coleman's report, and thus is not properly before the Court. It would unfairly prejudice Victory to permit the claim to proceed.

## Conclusion

For the reasons stated herein, ADTR's motion to reconsider [414] is denied.

**IT IS SO ORDERED.**                    **ENTERED  11/2/16**

_____
**John Z. Lee**
**United States District Judge**

5